Muriel B. Kaplan, Esq. (SBN 124607)
Michele R. Stafford, Esq. (SBN 172509)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
(415) 882-7900
(415) 882-9287 – Facsimile
mkaplan@sjlawcorp.com
mstafford@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAY AREA PAINTERS AND TAPERS PENSION TRUST FUND, and its JOINT BOARD OF TRUSTEES; LES PROTEAU and CHARLES DEL MONTE, TRUSTEES,<br><br>Plaintiffs,<br><br>v.<br><br>OAKTOWN CONSTRUCTION, INC., a California corporation; and JOSIE RAGAS McFARLANE, individually,<br><br>Defendants. | Case No:  C11-0483 SI<br><br>**JUDGMENT PURSUANT TO STIPULATION** |

IT IS HEREBY STIPULATED by and between the parties hereto, that Judgment may be entered in the within action in favor of the Plaintiffs BAY AREA PAINTERS AND TAPERS PENSION TRUST FUND, et al. ("Plaintiffs" or "Trust Funds"), and against Defendants OAKTOWN CONSTRUCTION, INC., and JOSIE RAGAS McFARLANE, and/or alter egos and/or successor entities, ("Defendants"), as follows:

1.      Defendants entered into a valid Collective Bargaining Agreement with the District Council 16 of the International Union of Painters and Allied Trades (hereinafter "Bargaining Agreement").  This Bargaining Agreement has continued in full force and effect to the present time.

2.      Defendants have become indebted to the Trust Funds as follows:

| | | | |
|---|---|---|---|
| September 2010 | Contributions | $11,678.64 | |
| | 20% Liquidated Damages | $2,335.73 | |
| | 5% Interest (through 6/20/11) | $371.16 | |
| | | | $14,385.53 |
| October 2010 | Contributions | $13,446.64 | |
| | 20% Liquidated Damages | $2,689.33 | |
| | 5% Interest (through 6/20/11) | $372.09 | |
| | | | $16,508.06 |
| November 2010 | Contributions | $9,111.72 | |
| | 20% Liquidated Damages | $1,822.34 | |
| | 5% Interest (through 6/20/11) | $213.44 | |
| | | | $11,147.50 |
| December 2010 | Contributions | $18,515.52 | |
| | 20% Liquidated Damages | $3,703.10 | |
| | 5% Interest (through 6/20/11) | $355.09 | |
| | | | $22,573.71 |
| January 2011 | Contributions | $19,547.95 | |
| | 20% Liquidated Damages | $3,909.59 | |
| | 5% Interest (through 6/20/11) | $299.91 | |
| | | | $23,757.45 |
| February 2011 | Contributions | $20,573.42 | |
| | 20% Liquidated Damages | $4,114.68 | |
| | 5% Interest (through 6/20/11) | $228.28 | |
| | | | $24,916.38 |
| March 2011 | Contributions | $28,796.28 | |
| | 20% Liquidated Damages | $5,759.26 | |
| | 5% Interest (through 6/20/11) | $201.18 | |
| | | | $34,756.72 |
| April 2011 | Contributions | $33,774.32 | |
| | 20% Liquidated Damages | $6,754.86 | |
| | 5% Interest (through 6/20/11) | $92.53 | |
| | | | $40,621.71 |
| May 2011 | Contributions | $31,769.02 | |
| | 20% Liquidated Damages | $6,353.80 | |
| | | | $38,122.82 |
| | | **SUB-TOTAL:** | **$226,789.88** |
| **Attorneys' Fees (through 6/20/11)** | | | **$5,598.50** |
| **Costs (through 3/9/11)** | | | **$585.00** |
| ***March 8, 2011 Check #20145*** | | | ***($30,000.00)*** |
| ***April 6, 2011 Check #20161*** | | | ***($23,135.39)*** |
| ***June 7, 2011 Check #20226*** | | | ***($10,000.00)*** |
| ***Obayshi Check #68126*** | | | ***($28,063.47)*** |
| | | **TOTAL:** | **$141,774.52** |

P:\CLIENTS\PATCL\Oaktown Construction 2\Pleadings\C11-0483 SI - Judgment Pursuant to Stipulation [REVISED] 062411.doc

3.     Defendants shall pay the amount of **$141,774.52**, representing all of the above amounts, as follows:

(a)     Beginning on or before July 10, 2011, and continuing on or before the 10th day of each month thereafter for a period of eighteen (18) months, through and including December 10, 2012, Defendants shall pay to Plaintiffs the amount of **$8,192.00**;

(b)     Payments may be made by joint check, to be endorsed prior to submission. Defendants shall have the right to increase the monthly payments at any time and there is no penalty for prepayment;

(c)     Payments shall be applied first to unpaid interest and then to unpaid principal.  The unpaid principal balance shall bear interest at the rate of 5% per annum, in accordance with the Collective Bargaining Agreement and Plaintiffs' Trust Agreements;

(d)     Defendants shall pay all additional costs and attorneys' fees incurred by Plaintiffs in connection with this matter, including those incurred for collection and allocation of the amounts owed by Defendants to Plaintiffs under this Stipulation.  The additional attorneys' fees and costs shall be paid by Defendants as set forth above, regardless of whether or not Defendants default under the terms of this Stipulation;

(e)     Payments shall be made payable to the "***Bay Area Painters and Tapers Trust Funds***", and delivered to Michele R. Stafford at Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco, California 94104, or to such other address as may be specified by Plaintiffs, **to be <u>received</u> on or before the 10th day of each month**; and

(f)     Failure to comply with any of the above terms shall also constitute a default of the obligations under this Agreement and the provisions of ¶ 10 shall apply.

4.     In the event that any check paid pursuant to any of the terms hereunder is not timely submitted, not timely endorsed (in the case of a Joint Check) submitted by Defendants but fails to clear the bank, or is otherwise unable to be negotiated for any reason for which Defendants is responsible, this shall be considered to be a default on the Judgment entered.  If this occurs, Plaintiffs shall make a written demand to Defendants to cure said default.  The demand shall be sent to its counsel, Patricia Walsh, Esq., Leonidou & Rosin Professional Corporation, 777 Cuesta

P:\CLIENTS\PATCL\Oaktown Construction 2\Pleadings\C11-0483 SI - Judgment Pursuant to Stipulation [REVISED] 062411.doc

Drive, Suite 200, Mountain View, California 94040.  Notice may be provided by email, but in the event of such notice, a copy of the notice shall also be sent by either fax or mail.  If the default was caused by a failed check, default will only be cured by the issuance of a replacement, **cashier's check**, delivered to Saltzman and Johnson Law Corporation within seven (7) days of the date of the notice from Plaintiffs.  If Defendants elect to cure said default, and Plaintiffs elect to accept future payments, all such payments shall be made by cashier's check at Plaintiffs' request.  Failure to make payments pursuant to cashier's check, if applicable, shall constitute a default under the terms of this Judgment.

In the event default is not cured, all amounts remaining due hereunder shall be due and payable on demand by Plaintiffs.

5.    Beginning with contributions due for hours worked by Defendants' employees during the month of June 2011, due on July 15, 2011 and considered delinquent if received later than July 31, 2011, and for every month thereafter that the Bargaining Agreement remains in effect, Defendants **shall remain current in contributions** due to Plaintiffs under the current Collective Bargaining Agreement and under all subsequent Collective Bargaining Agreements, if any, and the Declarations of Trust as amended.  **Defendants shall fax a copy of the contribution report for each month, together with a copy of that payment check, to Michele R. Stafford at 415-882-9287, prior to sending the payment** to the Trust Fund office.

Failure to comply with these terms shall also constitute a default of the obligations under this Agreement and the provisions of ¶ 10 shall apply.

6.    Defendants shall make full disclosure of all jobs on which it is working by providing Plaintiffs with an ongoing and updated list of jobs including, but not limited to, the name and address of the job, the start and completion dates, the identity of General Contractor/Owner/Developer, and by providing certified payroll if a public works job.  **To the extent that Defendants are working on a Public Works job, or any other job for which Certified Payroll Reports are required, copies of said Reports will be faxed to Michele R. Stafford concurrently with their submission to the General Contractor, Owner or other reporting agency**.

-4-
**JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C11-0483 SI**

1       **Defendants shall fax its updated job list each month (or sooner if required elsewhere**

2   **herein) together with the contribution report (as required by ¶ 5 of this Stipulation) to**

3   **Michele R. Stafford at 415-882-9287.**  Attached hereto as *Exhibit A* is a Job Report form which

4   is to be completed each month.

5       7.    Failure by Defendants to remain current in its contributions shall constitute a

6   default of the obligations under this agreement and the provisions of ¶ 10 shall apply.  Any such

7   unpaid or late paid contributions, together with 20% liquidated damages and 5% per annum

8   interest accrued on the total contributions, shall be added to and become a part of this Judgment

9   and subject to the terms herein.  Plaintiffs reserve all rights available under the applicable

10  Bargaining Agreement and Declarations of Trust of the Trust Funds for collection of current and

11  future contributions, and for any additional past contributions not included herein as may be

12  determined by Plaintiffs, pursuant to employee timecards or paystubs, by audit, or other means,

13  and the provisions of this Agreement are in addition thereto.  Defendants specifically waive the

14  defense of the doctrine *Res Judicata* as to any such additional amounts determined as due.

15      8.    Josie Ragas McFarlane acknowledges that she is the CEO/President of Oaktown

16  Construction, Inc., and that she specifically consents to the Court's jurisdiction.  Pursuant to the

17  Agreement of Employers Regarding Bay Area Painters and Tapers Trust Funds, Ms. McFarlane

18  agreed to be personally and individually liable for monthly contributions due for work performed

19  by her employees.  Ms. McFarlane confirms that any related entities and successors in interest to

20  Oaktown Construction, Inc. shall also be bound by the terms of this Stipulation as Guarantors, and

21  also consent to this Court's jurisdiction.

22      9.    Prior to the last payment pursuant to this Stipulation, Plaintiffs shall advise

23  Defendants, in writing, of the remaining amounts due, including any additional amounts claimed

24  pursuant to the Stipulation, which shall include, but not be limited to, any additional interest and

25  attorneys' fees and costs incurred in this matter.  Said amount shall be paid with the last payment,

26  upon demand by Plaintiffs.

27      10.    In the event that Defendants are in default of any provision of this Stipulation,

28  including, but not limited to, failing to make any payment required under ¶ 3 above, or failing to

-5-

**JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C11-0483 SI**

1  remain current in any contributions under ¶ 5 above, or failing to submit monthly job lists under

2  ¶6 above, then:

3            (a)      The entire amount of **$141,774.52** plus interest, reduced by principal

4  payments received by Plaintiffs, but increased by any unpaid contributions then due, plus 20%

5  liquidated damages and 5% per annum interest thereon, shall be immediately due, together with

6  any additional attorneys' fees and costs incurred in this action, including those identified under

7  section (d) below;

8            (b)      A Writ of Execution may be obtained against Defendants without further

9  notice, in the amount of the unpaid balance, plus any additional amounts under the terms herein,

10 upon declaration of a duly authorized representative of the Plaintiffs setting forth any payment

11 theretofore made by or on behalf of Defendants and the balance due and owing as of the date of

12 default. <u>Defendants specifically consent to the authority of a Magistrate Judge for all proceedings,</u>

13 <u>including, but not limited to, Plaintiffs' obtaining a Writ of Execution</u>; and

14           (c)      Defendants waive notice of Entry of Judgment and expressly waive all

15 rights to stay of execution and appeal.   The declaration or affidavit of a duly authorized

16 representative of Plaintiffs as to the balance due and owing as of the date of default shall be

17 sufficient to secure the issuance of a Writ of Execution.

18       11.     Any failure on the part of the Plaintiffs to take any action against Defendants as

19 provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed

20 a waiver of any subsequent breach by the Defendants of any provisions herein.

21       12.     In the event of the filing of a bankruptcy petition by Defendants, the parties agree

22 that any payments made by Defendants pursuant to the terms of this Judgment, shall be deemed to

23 have been made in the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2)

24 and shall not be claimed by Defendants as a preference under 11 U.S.C. Section 547 or otherwise.

25 Defendants nevertheless represent that no bankruptcy filing is anticipated.

26       13.     This Stipulation is limited to the agreement between the parties with respect to the

27 delinquent contributions and related sums specified herein owed by Defendants to the Plaintiffs.

28 This Stipulation does not in any manner relate to withdrawal liability claims, if any.  Defendants

1   acknowledge that the Plaintiffs expressly reserve their right to pursue withdrawal liability claims,

2   if any, against Defendants and all of its control group members as provided by the Plaintiffs' Plan

3   Documents, Trust Agreements incorporated into their collective bargaining agreement, and

4   applicable laws and regulations.

5        14.    Should any provision of this Stipulation be declared or determined by any court of

6   competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and

7   enforceability of the remaining parts, terms or provisions shall not be affected thereby and said

8   illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this

9   Stipulation.

10        15.    This Stipulation contains all of the terms agreed by the parties and no other

11   agreements have been made. Any changes to this Stipulation shall be effective only if made in

12   writing and signed by all parties hereto.

13        16.    This Stipulation may be executed in any number of counterparts and by facsimile,

14   each of which shall be deemed an original and all of which shall constitute the same instrument.

15        17.    The parties agree that the Court shall retain jurisdiction of this matter until this

16   Judgment is satisfied.

17   / / /

18   / / /

19   / / /

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

-7-
**JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C11-0483 SI**

18.     All parties represent and warrant that they have had the opportunity to be or have been represented by counsel of their own choosing in connection with entering this Stipulation under the terms and conditions set forth herein, and that they enter into this Stipulation voluntarily and without duress.

Dated: June 28, 2011                     **OAKTOWN CONSTRUCTION, INC.**

By: _____/s/_____
Josie Ragas McFarlane, CEO/President

Dated: June 28, 2011                     **JOSIE RAGAS McFARLANE**

_____/s/_____
Individually

Dated: June 29, 2011                     **SALTZMAN & JOHNSON**
**LAW CORPORATION**

By: _____/s/_____
Michele R. Stafford
Attorneys for Plaintiffs

**APPROVED AS TO FORM:**

Dated: June 28, 2011                     **LEONIDOU & ROSIN PROFESSIONAL**
**CORPORATION**

By: _____/s/_____
Patricia Walsh
Attorneys for Defendants

**IT IS SO ORDERED**

Dated: _____6/29/11_____, 2011

_____
UNITED STATES DISTRICT COURT JUDGE

-8-
**JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C11-0483 SI**

# *EXHIBIT A*

JUDGMENT PURSUANT TO STIPULATION
Bay Area Painters & Tapers Trust Fund v. Oaktown Construction, Inc., et al.
*USDC, Case No.: C11-0483 SI*

## JUDGMENT PURSUANT TO STIPULATION

### *JOB REPORT FORM*

**\*\*\* Updated report must be faxed to Michele R. Stafford, Esq., at (415) 882-9287
on the <u>10th</u> day of each month \*\*\***

Employer Name: _____

Report for the month of _____   Submitted by (print name): _____

| | | |
|---|---|---|
| Project Name: | | |
| Project Address: | | |
| General Contractor: | | |
| General Contractor Address/Tel. #: | | |
| Contract #: | Date of Contract: | |
| Total Value of Contract: | | |
| Work Start Date: | Work Completion Date: | |

| | | |
|---|---|---|
| Project Name: | | |
| Project Address: | | |
| General Contractor: | | |
| General Contractor Address/Tel. #: | | |
| Contract #: | Date of Contract: | |
| Total Value of Contract: | | |
| Work Start Date: | Work Completion Date: | |

| | | |
|---|---|---|
| Project Name: | | |
| Project Address: | | |
| General Contractor: | | |
| General Contractor Address/Tel. #: | | |
| Contract #: | Date of Contract: | |
| Total Value of Contract: | | |
| Work Start Date: | Work Completion Date: | |

| | | |
|---|---|---|
| Project Name: | | |
| Project Address: | | |
| General Contractor: | | |
| General Contractor Address/Tel. #: | | |
| Contract #: | Date of Contract: | |
| Total Value of Contract: | | |
| Work Start Date: | Work Completion Date: | |

*** *Attach additional sheets as necessary* ***